Citation Nr: 1554515 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 12-22 574 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for a respiratory disability other than bronchitis, to include consideration of respiratory signs or symptoms as a qualifying chronic disability under 38 C.F.R. § 3.317.

2. Entitlement to an initial compensable rating for bronchitis.

3. Entitlement to an initial rating in excess of 10 percent for residuals of a left wrist volar fracture with disfiguring scar.


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

D. Bredehorst
INTRODUCTION

The Veteran served in the National Guard with a period of active duty for training from October 1993 to March 1994, and periods of active duty from September 1999 to March 2000, June to December 2005, and February 2006 to October 2008. 

This appeal to the Board of Veterans' Appeals (Board) is from January 2010 and October 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO).

This case was previously before the Board in December 2014 at which time it was remanded for additional development.

A May 2010 rating decision, which was initially on appeal, denied service connection for a respiratory disorder. However, after the matter was remanded, the RO granted service connection for bronchitis in an October 2015. This rating decision also increased the rating for the left wrist disability to 10 percent. 

Since there is evidence of a respiratory disorder other than bronchitis, the matter of service connection remains on appeal. With regard to bronchitis, the Veteran did file a timely notice of disagreement with the initial rating assigned. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997) (where an appealed claim for service connection is granted during the pendency of the appeal, a second Notice of Disagreement (NOD) thereafter must be timely filed to initiate appellate review of the claim concerning "downstream" issues such as the compensation level assigned for the disability and effective date). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

An October 2015 rating decision granted service connection for bronchitis and a noncompensable (0 percent) rating was assigned. In December 2015, the RO received a statement that is construed as an NOD with the initial rating assigned. See VA 21-4138 Statement in Support of Claim received December 4, 2015. The Board is required to remand the issue to the RO/AOJ so that the Veteran and his representative may be provided with the appropriate statement of the case (SOC), in compliance with 38 C.F.R. §§ 19.26(d), 19.29 (2015). See also Manlincon v. West, 12 Vet. App. 238 (1999).

An October 2015 supplemental statement of the case addressed the matters concerning service connection for a respiratory disorder and an increased rating for a left wrist disorder. In November 2015, the RO received the Veteran's request for a videoconference hearing concerning these issues. See VA 21-4138 Statement in Support of Claim received November 10, 2015. 

Since the RO is responsible for scheduling videoconference hearings before the Board, a remand of the case to the RO is necessary. See 38 C.F.R. §§ 20.700, 20.703, 20.704 (2015).

Accordingly, the case is REMANDED for the following action:

1. In response to the Veteran's timely filed notice of disagreement, the RO/AOJ should provide the appropriate SOC to the Veteran and his representative addressing the issue of entitlement to an initial higher rating for bronchitis. The Veteran must be advised of the time limit in which he may file a substantive appeal with respect to the above-mentioned service connection claim. 
 
2. Then, only if an appeal is timely perfected with respect this issue, should it be returned to the Board for further appellate consideration, if otherwise in order.

3. Schedule the Veteran for a videoconference hearing before a Veterans Law Judge. The RO should notify the Veteran and his agent of the date and time of the hearing, in accordance with 38 C.F.R. § 20.704(b). After the hearing, or if the Veteran fails to report for the scheduled hearing or withdraws his hearing request, the claims file should be returned to the Board in accordance with current appellate procedures.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).